**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1458
_____

HARRY L. BIERLEY,
                    Appellant

v.

ADJ FRANK ABATE;
ATT.  MARNEN MIODUSZEWSKI;
JAMES L. KOWALSKI

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-00198)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2016
Before:  AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 31, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Harry Bierley appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing his civil rights action.  For the reasons that follow, we will affirm the judgment of the District Court.

Bierley filed a civil action in the District Court concerning a July 2015 eviction order issued by Judge Frank Abate, a Magisterial District Justice sitting in Erie County, Pennsylvania.[1]  Bierley contended that Judge Abate's ruling was incorrect and illegal, and asked that the District Court block the eviction proceedings.

After Bierley filed an amended complaint, the Defendants moved for dismissal of the filing pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  The District Court granted the motions to dismiss, determining that it lacked jurisdiction to consider Bierley's claims pursuant to the Rooker-Feldman doctrine.[2]  This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291.  Our standard of review is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We agree with the District Court's disposition.  In essence, Bierley's amended complaint sought federal court review of Judge Abate's state court ruling.  Such an

---

[1] Bierley also named as Defendants James L. Kowalski, his landlord, and Marnen Mioduszewski, Kowalski's attorney.

[2] The doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

"appeal" or action is barred by the <u>Rooker</u>-<u>Feldman</u> doctrine.[3]  <u>See</u> <u>Exxon Mobil Corp. v.</u>

<u>Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005) (determining that the <u>Rooker</u>-

<u>Feldman</u> doctrine bars federal court review of "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those

judgments").

      Accordingly, we will affirm the judgment of the District Court.

---

[3] Moreover, even if Bierley's claims were not barred by the <u>Rooker</u>-<u>Feldman</u> doctrine, they were subject to dismissal for the other reasons identified by the Defendants in their motions to dismiss.  <u>See</u> <u>Fairview Township v. EPA</u>, 773 F.2d 517, 525 n.15 (3d Cir. 1985) (noting that this Court may affirm on any basis supported by the record).  Briefly, Mioduszewski and Kowalski are private actors—not state actors.  Although private individuals may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors, <u>see</u> <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-28 (1980), Bierley did not adequately allege the existence of a conspiracy involving the Defendants to deprive him of his rights.  With regard to his claims against Judge Abate, because those claims relate to the performance of his duties as a judge presiding over the state court matter at issue, he was entitled to absolute judicial immunity to the extent he was sued in his individual capacity.  <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978). To the extent Judge Abate was sued in his official capacity, he was immune from suit under the Eleventh Amendment.  <u>See</u> <u>Betts v. New Castle Youth Dev. Ctr.</u>, 621 F.3d 249, 254 (3d Cir. 2010); <u>MCI Telecomm. Corp. v. Bell Atl.-Pa.</u>, 271 F.3d 491, 503-04 (3d Cir. 2001).  And, although official capacity claims requesting injunctive relief are not barred by the Eleventh Amendment, <u>Ex parte Young</u>, 209 U.S. 123 (1908), by the time the District Court ruled on the Defendants' motions to dismiss, Bierley had already been evicted from his property.  Thus, the request was moot.